846 A.2d 1241

IN THE MATTER OF STEVEN T. KEARNS, AN ATTORNEY
AT LAW (ATTORNEY NO. 018311982).

May 6, 2004.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–347, concluding that **STEVEN T. KEARNS** of **HACKENSACK,** who was admitted to the bar of this State in 1982, and who thereafter was temporarily suspended from the practice of law effective July 17, 2003, pursuant to *Rule* 1:20–15(k) by Order of this Court filed June 16, 2003, and who remains suspended at this time, should be reprimanded for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.15(b) (failure to pay over funds to third party), *Rule* 1:21–6(b) (failure to comply with recordkeeping requirements), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board further having concluded that respondent should be required to submit proof of his mental fitness to practice law and should be required to practice law under the supervision of a practicing attorney for a period of one year;

And good cause appearing;

It is ORDERED that **STEVEN T. KEARNS** is hereby reprimanded; and it is further

ORDERED that respondent remain suspended from practice pursuant to the Order of the Court filed June 16, 2003, until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof that he is fit to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys and continue to be restrained and enjoined from practicing law while suspended; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.